GARY M. RESTAINO
United States Attorney
District of Arizona
AUSTIN L. FENWICK
BENJAMIN GOLDBERG
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Austin.Fenwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, <br><br> Plaintiff, <br><br> vs. <br><br> Eric Ridenour, <br><br> Defendant. | CR-23-00908-SHR-LCK <br><br> GOVERNMENT'S SENTENCING MEMORANDUM |

The United States of America, by and through its undersigned attorneys, files this sentencing memorandum requesting the Court sentence the defendant to 468 months of confinement. Sentencing is set for December 16, 2024 at 11:00 a.m. before the Honorable Scott H. Rash.

**Presentence Report Calculations**

Defendant is in criminal history category I, and with an offense level of 29 his applicable guideline range is 87 to 108 months for Counts 1, 2, 4, and 5. (Presentence Report (PSR) ¶¶ 62, 63, 70, 76, and 83). The PSR recommends 108 months' imprisonment for each of Counts 1, 2, 4, and 5, to be served concurrently. Counts 3 and 6 are non-guideline related counts and carry mandatory terms of imprisonment. Count 3 has a ten-year term and Count 6's term is twenty years; the terms of imprisonment for these counts must run consecutive to any other term imposed. (PSR ¶¶ 124-126). The PSR recommends a total sentence of 468 months which is the sum of the recommended 108 months (running

concurrently) for each of Counts 1, 2, 4, and 5, plus 120 months for Count 3 and 240 months for Count 6. The government concurs with this sentence calculation and recommendation. Additionally, the government has reviewed and concurs with the restitution calculation and recommendation listed in the PSR. (PSR ¶ 57-58). If the amount of restitution requested by Constitution State Services is amended after construction costs are finalized, there is no objection to this Court scheduling a restitution hearing.

When imposing a sentence, the Court considers "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). The sentence imposed shall reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence to future criminal conduct, and protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentence imposed shall also consider "the need to avoid unwarranted sentence disparities among defendants with similar records, who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

**Recommendation**

On May 22, 2023, members of the Douglas Police Department did not stop to ask who attended the church, or what denomination the church was, or whether the church members had different beliefs than they did. Instead, as this Court saw, they immediately ran towards the fire to see if anyone was in danger and needed their help. In July, a jury comprised of strangers drawn from this community heard a case that involved many of the topics people take pains to avoid discussing even with those closest to them- gender, sexuality, and religion. At the end of the trial those same jurors returned a verdict that at its essence captured the same simple message embodied by the law enforcement first responders: for all the titles that people either give themselves or are given by others, the title that matters most in a community is that of neighbor.

That title is what Mr. Ridenour failed to grasp. His crime was meant to prevent members of his community, his neighbors, from worshipping in a way that made him angry. Mr. Ridenour acted to ensure that people who held different beliefs than him would

be physically unable to gather and exercise their right to freedom of religious expression. He did not care that the buildings were historical monuments that held significance to many community members. He did not care that those buildings symbolized the American dedication to religious tolerance, that this was the only place in the United States with four different church denominations on the same block. He only cared that those churches and their parishioners had different beliefs than him.

Victim impact statements from the church members attached to the PSR make it clear that Mr. Ridenour's crimes had, and continue to have, a devastating impact on their lives. Contained in their statements are heartbreaking recitations of what the churches meant to them. Perhaps the most insidious consequence for the victims of this crime is the newly developed fear that someone else like Mr. Ridenour could still be in the community, that they are still at risk even though he is incarcerated. The crimes Mr. Ridenour committed may have had their most visceral impact on the day the churches burned, but they continue to cause pain and grief now. Most importantly, that continuing impact is exactly what Mr. Ridenour intended. He intended to send a message not only to the parishioners of those churches but any other churches with similar beliefs. His crimes were meant to be warnings to others, that this could happen to them if their religious beliefs were outside of what he considers true.

The inability to empathize and rationally weigh the consequences of his impulses makes Mr. Ridenour a clear and present danger to the community. There is no indication that he is sorry for what he did or that he would not do it again. In this case, considering the specific circumstances of the crime and the characteristics of the accused, a severe sentence is warranted to ensure both the defendant and others inclined to act similarly know the consequences of crimes like those committed by Mr. Ridenour.  The sentence the government is requesting is severe, but it is not unwarranted.

Free expression of religious beliefs is one of the cornerstones of this country. Mr. Ridenour's neighbors deserved that freedom, and he took it from them. To punish this crime and ensure this never happens again, the sentence imposed must be one that counters

Mr. Ridenour's message. A sentence of 468 months is sufficient but not greater than necessary to deter further criminal conduct, protect the public, and promote respect for the law.

Respectfully submitted this 6 day of December, 2024.

> GARY M. RESTAINO
> United States Attorney
> District of Arizona
>
> *s/AUSTIN L. FENWICK*
> AUSTIN L. FENWICK
> Assistant U.S. Attorney
>
> BENJAMIN GOLDBERG
> Assistant U.S. Attorney

Copy of the foregoing served electronically or by other means this 6 day of December, 2024, to:

Eric Ridenour, Pro Se.

Trevor R. Hill, Esq.

Christy A. Ferasin
U.S. Probation Officer