GARY M. RESTAINO
United States Attorney
District of Arizona
BENJAMIN GOLDBERG
AUSTIN L. FENWICK
Assistant U.S. Attorneys
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: Ben.Goldberg@usdoj.gov
Email: Austin.Fenwick@usdoj.gov
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT.

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br>　　vs.<br>Eric Ridenour,<br>　　　　　Defendant. | No. CR 23-00908-TUC-SHR (LCK)<br><br>**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM** |

The United States of America, through undersigned counsel, respectfully submits this supplemental memorandum to address questions this Court raised at the recent sentencing hearing held on December 16, 2024. (Doc. 156.) In short, this Court should: 1) decline to apply the three-level guideline enhancement in U.S.S.G. § 3A1.1(a) (PSR ¶¶ 71-76); and 2) impose a 20-year sentence for the defendant's conviction in Count 6, consecutive to any other sentence, as required by 18 U.S.C. § 844(h)(1). (PSR ¶¶ 124, 126; at 26).

**I. The U.S.S.G § 3A1.1(a) Guideline Enhancement Should Not Be Applied.**

The defendant was convicted of offenses arising from his setting fire to two historic churches in Douglas, Arizona, causing significant damage to the structures and impacting the victims and the community. For sentencing purposes, the PSR has grouped the defendant's convictions in Count 1 (arson of property used in interstate commerce) and Count 2 (obstruction of free exercise of religious beliefs by fire) under "Count Group 1"

because they involve the same victim, Saint Stephen's Episcopal Church, and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan. (PSR at 2; PSR ¶ 62.) It grouped the defendant's similar convictions in Count 4 (arson of property used in interstate commerce) and Count 5 (obstruction of free exercise of religious beliefs by fire), under "Count Group 2" because they involve the same victim, First Presbyterian Church. (PSR at 2; ¶ 63.)

Under both advisory guideline calculations for Count Group 1 and Count Group 2, the PSR recommended applying a three-level adjustment for hate crime motivation under U.S.S.G. § 3A1.1 (2024), which states:

> **Victim Related Adjustment:** If the finder of fact at trial or, in the case of a plea of guilty or nolo contendere, the court at sentencing determines beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, disability, or sexual orientation of any person, increase by 3 levels.

USSG §3A1.1(a). (PSR ¶¶ 67, 73.) For purposes of both Count Groups 1 and 2, the PSR applied the enhancement, as the evidence at trial showed that the defendant intentionally selected the victims because of the sexual orientation and gender of the church leaders. (Id.)

At the sentencing hearing, this Court questioned whether it was permitted to make the determination set forth in § 3A1.1(a) to trigger that adjustment. While the evidence at trial regarding the defendant's animus was clear, the answer in this case is no.

Based on the guideline's plain language, the "finder of fact at trial" in this case is the jury, not this Court, because the defendant was convicted following a jury trial. Thus, to trigger the application of this enhancement, the record would need to show that the jury implicitly or explicitly determined "beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender,

gender identity, disability, or sexual orientation of any person." *Id. See also United States v. Patterson*, 119 F.3d 609, 612 (2024) ("We apply the traditional rules of statutory construction when interpreting the sentencing guidelines.").[1]

Although the evidence at trial supports beyond a reasonable doubt that the defendant had a hate crime motivation when he burned down the two churches in Douglas, Arizona, the convictions in Counts 1, 2, 4, and 5 (Count Group 1 and Count Group 2) – to which the three-level enhancement would apply – did not require the jury to implicitly or explicitly "determine[] beyond a reasonable doubt that the defendant intentionally selected any victim or any property as the object of the offense of conviction because of the actual or perceived race, color, religion, national origin, ethnicity, gender, gender identity, disability, or sexual orientation of any person." U.S.S.G. § 3A1.1(a).

First, the jury did not make this determination when it convicted the defendant of the counts in Count Groups 1 and 2. The statute or jury instructions setting forth the elements for arson of property used in interstate commerce, in violation 18 U.S.C. § 844(i)) (Counts 1 and 4) did not require the jury to make this type of § 3A1.1(a) finding beyond a reasonable doubt to convict the defendant. Nor did the statute or jury instructions require the jury to make this determination when convicting the defendant for obstruction of free exercise of religious beliefs by fire, in violation of 18 U.S.C. §§ 247(a)(2) (Counts 2 and

---

[1] Although the unambiguous plain language of § 3A1.1(a) is dispositive and there is thus no need to consult the application notes, *Patterson*, 119 F.4th at 612, the "background" section of the Application Notes further confirms the guideline's provisions, stating in pertinent part:
> "Subsection (a) reflects the directive to the Commission [by statute] to provide an enhancement of not less than three levels for an offense when the finder of fact at trial determines beyond a reasonable doubt that the defendant had a hate crime motivation. . . . To avoid unwarranted sentencing disparity based on the method of conviction, the Commission has broadened the application of this enhancement to include offenses that, in the case of a plea of guilty or nolo contendere, the court at sentencing determines are hate crimes."

U.S.S.G. § 3A1.1 cmt. background.

5).² Thus, the jury here did not make a § 3A1.1(a) determination beyond a reasonable doubt when convicting the defendant of the arson and obstruction crimes in Counts 1, 2, 4 or 5 because the statute and jury instructions did not require it.

Second, the jury did not make an explicit determination outside of the statutory requirement. The jury did not receive an interrogatory or other type of special verdict form asking it to make a § 3A1.1 finding beyond a reasonable doubt when convicting the defendant of one or more of the above counts.

---

² For example, such an implicit jury determination occurred in *United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010), in which the defendant was "convicted by a jury of participating in a racially motivated assault against an African American man." The first count charged Armstrong and others with conspiring to injure, oppress, threaten, and intimidate the victim's free exercise of his right to use a place of public accommodation free from interference based on race, in violation of 18 U.S.C. § 241; and the second charged him with using force to willfully injure, intimidate, and interfere with the victim because of his race and because he was enjoying the goods and services of an establishment that serves the public, in violation of 18 U.S.C. §§ 245(b)(2)(F). *Id.* at 1174–75. The PSR recommended a "victim related adjustment," because "the jury determined beyond a reasonable doubt that the defendant intentionally selected the victim because of the victim's race." *Id.* at 1175. The Ninth Circuit affirmed the district court's application of the § 3A1.1 enhancement: "Although the jury was not asked to find that Armstrong personally selected [the victim] in the first instance, it was asked to and did find that Smith was the victim of Armstrong's attack because of his race. That is sufficient reason to impose the [3A1.1] enhancement." *Id.* at 1176.

Another example of this type of implicit jury determination occurred in *United States v. Pospisil*, 186 F.3d 1023, 1031 (8th Cir. 1999), where the defendants were convicted under 18 U.S.C. § 241 of conspiring to violate the civil rights of the victims as a result of their involvement in cross burning. The district court rejected the defendant's argument that, in order for the district court to apply a § 3A1.1(a) enhancement, the jury was required to make a special finding that he selected the victims because of their race. *Id.* "Although section 241 is not on its face limited to racially motivated crimes, the jury instructions on the section 241 count expressly incorporated language about the race of the victims. . . . The jury found beyond a reasonable doubt that [one defendant] took part in the conspiracy to intimidate the [victims] or interfere with their rights 'on account of their race, color, or national origin,' . . . [which] provided a sufficient basis" to apply the enhancement in § 3A1.1(a). *Id.*

- 4 -

Thus, this Court should decline the PSR's recommendation to apply the three-level hate crimes enhancement under § 3A1.1(a) for Counts 1 and 2 (Count Group 1), (PSR ¶ 67), and Counts 4 and 5 (Count Group 2). (PSR ¶ 73.)

Without the three-level guideline enhancement under § 3A1.1(a), the adjusted offense totals for Count Group 1 and Count Group 2 should be reduced from 27 (PSR ¶¶ 70, 76.) After applying the two-level multiple count upward adjustment in U.S.S.G. § 3D1.4, (PSR ¶ 79), this results in a combined adjusted offense level for both groups (and total offense level) of 26, rather than 29. (PSR ¶¶ 79-80.) The advisory guideline range that applies, based on an offense level of 26 and a criminal history category I, is 63-78 months, rather than the 87-108 months' range currently cited in the PSR. (PSR ¶ 125; at 26).

The PSR recommended concurrent terms of 108 months for Counts 1, 2, 4, and 5, the top of the then-applicable guideline range, to run consecutive to all other counts. (PSR at 26.) The government continues to recommend 108 months because an upward variance from the advisory guideline range under *United States v. Booker*, 543 U.S. 220 (2005), is warranted and the sentence is reasonable under 18 U.S.C. § 3553(a). The evidence at trial overwhelming demonstrated that the defendant was motivated by the type of animus that the § 3A1.1(a) enhancement was designed to address when he set fire to both churches. *See United States v. Armstrong*, 620 F.3d 1172, 1176 (9th Cir. 2010) (stating that "[t]he purpose of [§ 3A1.1(a)] is to punish those who have a hate crime motivation and to deter future hate crimes"). Although the proposed enhancement should not apply here, the PSR still correctly concluded that the defendant intentionally selected his victim because of the gender and sexual orientation of the church leaders. A sentence of 108 months is still appropriate because it justifiably addresses the defendant's hate crimes motivation for the offenses in Count Group 1 and Count Group 2 and is a reasonable sentence under 18 U.S.C. § 3553(a), including to address the seriousness of the crimes and the other factors the government identified in its initial sentencing memorandum. Thus, the government still

respectfully requests that this Court impose a 108-month concurrent sentence for the defendant's convictions in Counts 1, 2, 4 and 5, to run consecutive to all other counts.

## II.     This Court Should Sentence The Defendant To 20 Years On Count 6, Consecutive To Any Other Sentence, As Required By 18 U.S.C. § 844(h)(1).

The defendant was convicted of two counts of using a fire to commit a federal felony (Counts 3 and 6), in violation of 18 U.S.C. § 844(h)(1). (PSR at 2.) The conviction in Count 3 carries a 10-year consecutive sentence under that statute. (PSR at 2; ¶ 124.) As the PSR also notes, Count 6 requires a term of 20 years "based on a second or subsequent conviction," citing 18 U.S.C. § 844(h)(1), and "must be imposed consecutively to any other counts." (PSR ¶¶ 124, 126.) The PSR has thus recommended a sentence of 10 years consecutive for Count 3, and 20 years consecutive for Count 6. (PSR at 26.)

At the sentencing hearing, this Court questioned whether the 20-year mandatory consecutive sentence for Count 6 is legally correct. It is and the Court should impose the mandatory consecutive sentence.

The PSR accurately stated that a 20-year consecutive sentence applies to Count 6 based on 18 U.S.C. § 844(h)(1), which provides in pertinent part: "In the case of a second or subsequent conviction under subsection, such person shall be sentenced to imprisonment for 20 years." The conviction in Count 6 is a "second or subsequent" § 844(h)(1) conviction. Thus, under the statute's plain language, it is appropriate – and statutorily required – for this Court to impose a consecutive 20-year sentence on Count 6, which must be consecutive to any other count. 18 U.S.C. § 844(h)(1).

The First Step Act cases addressing prior convictions under 18 U.S.C. § 924(c) do not alter this result. In 1997, § 924(c)(1) required a minimum sentence of five years for use of a firearm "in relation to any crime of violence," and a sentence of thirty years "if the firearm is a machinegun, or a destructive device." *Id. See United States v. Merrell*, 37 F.4th 571, 573 (9th Cir. 2022) (quoting Section 924(c)). "In the case of [a defendant's] second or subsequent conviction under this subsection," the statute then mandated a

- 6 -

sentence of twenty years, or a life sentence "if the firearm is a machinegun, or a destructive device." *Id.* At the time, the qualifying "second or subsequent conviction" could arise from the same trial and indictment as the "first" conviction. *Merrell*, 37 F.4th at 573 (citing *Deal v. United States*, 508 U.S. 129, 132-33 (1993)). And, multiple sentences imposed under § 924(c)(1) were required to be consecutive, or "stacked." *Id*. (citing 18 U.S.C. § 924(c)(1) (1996)).

As noted above, Section 844(h) provides for a 10-year mandatory minimum penalty for a first violation and a 20-year mandatory minimum penalty "[i]n the case of a second or subsequent conviction under" the subsection. 18 U.S.C. § 844(h). That statutory language mirrors the previous language of 18 U.S.C. § 924(c), which was modified in 2018 under the First Step Act to allow for the enhanced penalty only for a "violation of this subsection that occurs after a prior conviction under this subsection has become final." First Step Act of 2018, Pub. L. No. 115-391, § 403, 132 Stat. 5222-23 (2018). That change meant that first-time violators would not receive the enhanced penalties when convicted of multiple counts of § 924(c) arising out of the same course of events. The First Step Act's revision of § 924(c) also abrogated the *Deal* rule for purposes of § 924(c), which, as noted earlier, allowed enhancements based on convictions arising out of the same indictment and trial. *Deal,* 508 U.S. at 136–37.

But significantly, Congress did not change the statutory language of § 844(h). Indeed, the only place § 844 is mentioned in the First Step Act is to prohibit § 844 offenders from receiving certain BOP time credits. 132 Stat. 5199, 5201. Unlike § 924(c), § 844(h) *still* provides for enhanced penalties for and "second or subsequent conviction[s]." Consequently, the rule of *Deal* still applies to § 844(h), as it did before the First Step Act. *See United States v. Tolliver*, 730 F.3d 1216, 1228-29 (10th Cir. 2013) ("[T]he district court sentenced Defendant to ten years' imprisonment on the first § 844(h)(1) conviction and a consecutive term of twenty years' imprisonment on the second § 844(h)(1) conviction, each to run consecutively to the sentence for the two § 844(i) convictions." The Tenth

Circuit rejected the defendant's challenge to this sentence. "We therefore see no principled reason to depart from the Supreme Court's holding that the phrase 'second or subsequent conviction' applies to convictions for offenses tried in a single proceeding." (citing *Deal*, 508 U.S. at 133 n. 1) ("Findings of guilt are necessarily arrived at 'successively in time,' even in a single proceeding . . . so that multiple convictions occurring in the same proceeding can indeed be 'second or subsequent' for purposes of section 924(c).")

Thus, under the mandatory provisions of § 844(h)(1), the defendant must receive a 10-year sentence on Count 3 and a 20-year sentence on Count 6, consecutive to each other and any other sentence, as the PSR has correctly noted. (PSR ¶¶ 124-26.) Count 6 is a "second or successive" § 844(h)(1) conviction to the § 844(h)(1) conviction in Count 3. These two convictions can arise from the same indictment. *See Deal*, 508 U.S. at 133 n.1; *Tolliver*, 730 F.3d at 1228–29; *United States v. Peoples*, 41 F.4th 837, 838 (7th Cir. 2022) (affirming the district court's denial of compassionate release in a case where although the § 924(c) sentences had been affected by the First Step Act, the consecutive sentences for his § 844(h)(1) counts arising from the same indictment would be unchanged). The First Step Act and its impact on § 924(c) convictions is inapposite in this case.

### III. Conclusion

Although this Court should not apply the guideline enhancement in § 3A1.1(a), it should still sentence the defendant to 108-month concurrent terms for Counts 1, 2, 4, and 5, because an upward variance is warranted, and the sentence is reasonable. In addition, the Court should impose a 10-year sentence for Count 3, and a 20-year sentence for Count 6, to run consecutive to each other, and consecutive to the concurrent sentences for Counts 1, 2, 4, and 5. This would result in a total sentence of 30 years (360 months) plus 108 months, resulting in a total sentence of 468 months, as the PSR recommended. (PSR at 26.)

//

//

Respectfully submitted this 23rd day of December, 2024.

GARY M. RESTAINO
United States Attorney
District of Arizona

*s/Benjamin Goldberg*
BENJAMIN GOLDBERG
AUSTIN FENWICK
CHRISTINA M. CABANILLAS
Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

I hereby certify that on this same date, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrant:

Trevor Hill
*Stand-by counsel for defendant\*

I further certify that on this date I mailed a copy of the attached document to the defendant, Eric Ridenour.

*s/C. Covington*
U.S. Attorney's Office

- 9 -