**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| **United States of America**<br><br>v.<br><br>**Eric Ridenour**<br><br>USM#: 60917-510 | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed on or After November 1, 1987)<br><br>**No. CR-23-00908-001-TUC-SHR (LCK)**<br><br>Trevor R. Hill (CJA)<br>Advisory Counsel for Defendant |

**THE WAS A VERDICT OF** guilty on 7/11/2024 to Counts 1, 2, 3, 4, 5 and 6 of the Superseding Indictment.

**ACCORDINGLY, THE COURT HAS ADJUDICATED THAT THE DEFENDANT IS GUILTY OF THE FOLLOWING OFFENSE(S):** violating Title 18 U.S.C. §844(i), Arson of Property Used in Interstate Commerce, a Class C Felony offense, as charged in Count 1 of the Superseding Indictment; Title 18 U.S.C. §§247(a)(2), 247(b) and 247(d)(3), Obstruction of Free Exercise of Religious Beliefs by Fire, a Class C Felony offense, as charged in Count 2 of the Superseding Indictment; Title 18 U.S.C. § 844(h)(1), Using Fire to Commit Federal Felony, a Class C Felony offense, as charged in Count 3 of the Superseding Indictment; Title 18 U.S.C. § 844(i), Arson of Property Used in Interstate Commerce, a Class C Felony offense, as charged in Count 4 of the Superseding Indictment; Title 18 U.S.C. §§247(a)(2), 247(b) and 247(d)(3), Obstruction of Free Exercise of Religious Beliefs by Fire, a Class C Felony offense, as charged in Count 5 of the Superseding Indictment; Title 18 U.S.C. § 844(h)(1), Using Fire to Commit Federal Felony, a Class C Felony offense, as charged in Count 6 of the Superseding Indictment.

**IT IS THE JUDGMENT OF THIS COURT THAT** the defendant is committed to the custody of the Bureau of Prisons for a term of **FOUR HUNDRED THIRTY-EIGHT (438) MONTHS**, which consists of **SEVENTY-EIGHT (78) MONTHS** on Counts 1, 2, 4 and 5 of the Superseding Indictment, with credit for time served, said counts to run concurrently; **ONE HUNDRED TWENTY (120) MONTHS** on Count 3 of the Superseding Indictment, with credit for time served, to run consecutively to Counts 1, 2, 4 and 5; and **TWO HUNDRED FORTY (240) MONTHS** on Count 6 of the Superseding Indictment, with credit for time served, to run consecutively to Counts 1, 2, 3, 4 and 5. Upon release from imprisonment, the defendant shall be placed on supervised release for a term of **THIRTY-SIX (36) MONTHS**, which consists of **THIRTY-SIX (36) MONTHS** on Counts 1, 2, 3, 4, 5 and 6 of the Superseding Indictment, said counts to run concurrently.

**IT IS ORDERED** the Indictment is dismissed on motion of the United States.

**CRIMINAL MONETARY PENALTIES**

The defendant shall pay to the Clerk the following total criminal monetary penalties:

Case 4:23-cr-00908-SHR-LCK   Document 161   Filed 01/08/25   Page 2 of 5

CR-23-00908-001-TUC-SHR (LCK)                                                Page 2 of 5
USA vs. Eric Ridenour

**SPECIAL ASSESSMENT:** $600.00     **FINE:** WAIVED     **RESTITUTION:** $3,302,893.13

The Court finds the defendant does not have the ability to pay a fine and orders the fine waived.

The defendant shall pay restitution to the following victims in the following amounts:
C.C., in the amount of $4,071.81; Starr Surplus Lines Insurance Company, in the amount of $1,866,911.75; The Episcopal Diocese of Arizona, in the amount of $1,431,909.57.

The defendant shall pay a special assessment of $600.00 which shall be due immediately.

Any unpaid balance remaining upon release from imprisonment shall be paid at the rate of $200.00 per month.

If incarcerated, payment of criminal monetary penalties are due during imprisonment at a rate of not less than $25 per quarter and payment shall be made through the Bureau of Prisons' Inmate Financial Responsibility Program. Criminal monetary payments shall be made to the Clerk of U.S. District Court, Attention: Finance, Suite 130, 401 West Washington Street, SPC 1, Phoenix, Arizona 85003-2118. Payments should be credited to the various monetary penalties imposed by the Court in the priority established under 18 U.S.C. § 3612(c). The total special assessment of $600.00 shall be paid pursuant to Title 18, United States Code, Section 3013 for Counts 1, 2, 3, 4, 5 and 6 of the Superseding Indictment.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, (10) costs, including cost of prosecution and court costs.

Any unpaid balance shall become a condition of supervision and shall be paid within 90 days prior to the expiration of supervision. Until all restitutions, fines, special assessments and costs are fully paid, the defendant shall immediately notify the Clerk, U.S. District Court, of any change in name and address. The Court hereby waives the imposition of interest and penalties on any unpaid balances.

## SUPERVISED RELEASE

The mandatory drug testing condition is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is ordered that while on supervised release, the defendant must comply with the mandatory and standard conditions of supervision as adopted by this court, in General Order 17-18, which incorporates the requirements of USSG §§ 5B1.3 and 5D1.2. Of particular importance, the defendant must not commit another federal, state, or local crime during the term of supervision. Within 72 hours of sentencing or release from the custody of the Bureau of Prisons the defendant must report in person to the Probation Office in the district to which the defendant is released. The defendant must comply with the following conditions:

## MANDATORY CONDITIONS

Case 4:23-cr-00908-SHR-LCK    Document 161    Filed 01/08/25    Page 3 of 5

CR-23-00908-001-TUC-SHR (LCK)                                                Page 3 of 5
USA vs. Eric Ridenour

1) You must not commit another federal, state or local crime.
2) You must not unlawfully possess a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted.
3) You must refrain from any unlawful use of a controlled substance. The use or possession of marijuana, even with a physician's certification, is not permitted. Unless suspended by the Court, you must submit to one drug test within 15 days of release and at least two periodic drug tests thereafter, as determined by the court.

## STANDARD CONDITIONS

1) You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of sentencing or your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2) After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3) You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4) You must answer truthfully the questions asked by your probation officer.
5) You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6) You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7) You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8) You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

Case 4:23-cr-00908-SHR-LCK   Document 161   Filed 01/08/25   Page 4 of 5

CR-23-00908-001-TUC-SHR (LCK)                                              Page 4 of 5
USA vs. Eric Ridenour

9) If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10) You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13) You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS

The following special conditions are in addition to the conditions of supervised release or supersede any related standard condition:

1) You must submit your person, property, house, residence, vehicle, papers, or office to a search conducted by a probation officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition.

2) You must provide the probation officer with access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

3) You must participate in a mental health assessment and participate in outpatient mental health treatment as determined to be necessary by a medical or mental health professional and follow any treatment directions by the treatment provider. You must take medicine as prescribed by a medical professional providing mental health treatment, unless you object, in which event you must immediately notify the probation officer. You must contribute to the cost of treatment in an amount to be determined by the probation officer.

4) You must cooperate in the collection of DNA as directed by the probation officer.

5) You must make restitution in accordance with 18 U.S.C. §§ 2248, 2259, 2264, 2327, 3663, 3663A, and 3664.

6) To the extent the probation officer determines you are reasonably able to pay the costs of doing so, you must participate in an approved program for anger management.

Case 4:23-cr-00908-SHR-LCK   Document 161   Filed 01/08/25   Page 5 of 5

CR-23-00908-001-TUC-SHR (LCK)                                            Page 5 of 5
USA vs. Eric Ridenour

**THE DEFENDANT IS ADVISED OF DEFENDANT'S RIGHT TO APPEAL BY FILING A NOTICE OF APPEAL IN WRITING WITHIN 14 DAYS OF ENTRY OF JUDGMENT.**

The Court may change the conditions of probation or supervised release or extend the term of supervision, if less than the authorized maximum, at any time during the period of probation or supervised release. The Court may issue a warrant and revoke the original or any subsequent sentence for a violation occurring during the period of probation or supervised release.

The Court orders commitment to the custody of the Bureau of Prisons.

Date of Imposition of Sentence:  **Tuesday, January 07, 2025**

Dated this 7th day of January, 2025.

_____
Honorable Scott H. Rash
United States District Judge

**RETURN**

I have executed this Judgment as follows: _____

defendant delivered on _____ to _____ at _____, the institution designated by the Bureau of Prisons with a certified copy of this judgment in a Criminal case.

United States Marshal                                                    By:   Deputy Marshal

CR-23-00908-001-TUC-SHR (LCK)- Ridenour